

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co*

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2850
Re: What is the proper treat-
ment for inheritance tax
purposes of certain bank
account held in the name
of the deceased and her
surviving daughter.

You have requested the opinion of this department
in respect to the proper application of the Texas inheritance
tax law to the joint bank account of a decedent and her sur-
viving daughter. According to the information you furnished,
all of the money paid into the bank account was the property
of the mother. You further advise that the mother and daugh-
ter sent the following letter of instructions to the bank
concerning the account in question:

"You are hereby notified that all deposits
CHECKING and/or SAVINGS, now standing or to be
hereafter made in the name or names of either
or both of the undersigned, may be paid by you to
either or both of us, or to the surviver of us
in conformity with your banking rules. ..

"You are, therefore, authorized to make
payment either directly or upon order of any
such deposits covered hereby to either of us,
or upon the death of either of us, to the sur-
vivor thereof. . ."

Article 7117 of the Revised Civil Statutes of Texas
provides in part as follows:

Honorable George H. Sheppard, Page 2

> "All property within the jurisdiction of this
> state, real or personal, corporate or incorporate,
> and any interest therein, including . . ., or
> gifts made or intended to take effect in posses-
> sion or enjoyment after the death of the grantor
> or donor, shall, upon passing to or for the use of
> any person, corporation, or association, be sub-
> ject to a tax for the benefit of the State's Gen-
> eral Revenue Fund, in accordance with the follow-
> ing classification. . ."

In order to determine the interest of the mother
and daughter in the bank account prior to the death of the
mother, the intention of parties is the foremost considera-
tion. We are unable to find where any joint tenancy is
created, despite the fact that the survivor becomes entitled
to all of the money in the bank. Under the facts in this
case, either the mother or the daughter could have drawn
checks equal in amount to the full amount remaining in the
bank account and thereby use all of the money to her own
individual benefit and destroy whatever interest the other
may have had in the money. All of the money was placed in
the bank account by the mother. Without attempting to
give any name to the interest of the parties, it is our
opinion that in truth and in fact the mother was merely
placing sums in the bank account in the name of herself or
her daughter, upon which either she and her daughter could
draw checks when either of them desired to do so. We be-
lieve that the daughter received no vested interest in the
money at the time the mother deposited the same, but rather
each time the daughter drew a check against the account
there was a gift from the mother to the daughter at that
time of the amount of the check. We believe further that
it was the intention of the mother that upon her death
the remaining money in the bank account should go to the
daughter for her own use and benefit and possession without
the necessity of probate proceedings in reference to such
money.

It is our opinion, therefore, that any amount
which the daughter drew by check upon said account prior to
the death of the mother was a gift which took effect in en-
joyment and possession as of the time that such check was

drawn and the same is therefore not subject to the Texas inheritance tax. It is our opinion, however, that the amount remaining in the bank account at the time of the death of the mother now passes to the daughter in possession and enjoyment as a gift from the mother intending to take effect after the mother's death. Therefore, such an amount is taxable under the Texas inheritance tax law as quoted supra.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Billy Goldberg
Assistant

BG:js

APPROVED DEC 18, 1940

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

